FERNÁNDEZ, PLAINTIFF AND APPELLANT, *v.* LÓPEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of. San Juan, Section 1, in an Action for Damages.

No. 1555.—Decided July 9, 1917.

DAMAGES—EVIDENCE.—The evidence being contradictory and there being no passion, prejudice, or manifest error on the part of the court in its findings, this court will not disturb its adjustment of the conflict.

ID.—ID.—PREPONDERANCE.—The preponderance of the evidence does not consist in the fact that there may be more witnesses who testify to certain facts than there are who testify to the contrary, but it depends upon the effect of said testimony to induce the court to give it credit.

The facts are stated in the opinion.

*Messrs. Isidoro Soto Nussa* and *Francisco Soto Gras* for the appellant.

*Messrs. Monserrat & Monserrat* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court. .

In the first part of the month of February, 1915, a fire occurred in the ward of Puerta de Tierra of this city and several houses were destroyed, including one masonry and two frame buildings which Juan Fernández Quinta had constructed on a lot owned by him.  The properties had been mortgaged to José Pérez Martínez since the year 1913 to secure a loan of $3,000 payable on April 26, 1916, which loan was also secured by the collateral obligation contracted by the debtor to keep the buildings insured against fire and to pay the insurance premiums so long as the mortgage should remain in force.

After the fire and destruction of said buildings Juan Fernández Quinta filed a verified complaint against José López

Pérez, alleging, in substance, that he contracted the said loan through attorney in fact José López Pérez; that the insurance policy securing the loan, which was issued by the Guardian Assurance .Company, Limited, for $3,200, was indorsed to the creditor and was renewed on November 29 of each year, he having always kept it, as well as the renewal receipts, in his possession; that in the early part of November, 1914, and prior to the expiration of the said policy, defendant José López Pérez asked the plaintiff for the said insurance policy and the receipt for the last premium corresponding to the year ending November 29, 1914, so that defendant might attend to securing the renewal and keeping the said insurance in force for another year from November 29, 1914, which the plaintiff agreed to do and delivered the policy to the defendant, who, on his part, accepted the obligation and bound himself to renew the same; that he knew nothing further concerning the matter until the day of the fire, when the defendant told him that he had forgotten to renew the said policy. The complaint concludes with a prayer that the defendant be adjudged to pay the plaintiff the sum of $3,200 as damages, and the costs.

The defendant denied, among other things, that he negotiated the loan as attorney in fact of José Martínez Pérez, alleging that it was done by attorney in fact Félix Suárez. He denied that the policy referred to by the plaintiff had ever been in his possession, or that it was his duty to keep the same in force, for the account and at the request of the plaintiff, or that he contracted any obligation with the latter. He alleged that he had personal knowledge only of another policy issued by the same company for $3,000, which expired on January 4, 1914, insuring against the risk of fire a two-story house owned by the plaintiff, which is not the policy referred to by the latter; that this was the one which plaintiff delivered to him on December 9, 1914, on which date it was void as it expired on January 4, 1914, without having been renewed, and that the defendant accepted the policy in the belief that it

had been renewed by the payment of the premium, as was stated by the defendant himself. He denied that in the early part of November, 1914, or on any other date before or after the date of expiration of the policy mentioned by the plaintiff or of the policy referred to in his answer, he asked the plaintiff for any policy or for any receipt for the payment of a premium up to November 29, 1914, or any other date, showing the renewal of any policy, with the object of attending to securing the renewal and keeping in force the said insurance in the name of the plaintiff for another year from November 29, 1914; and he also denied that he promised to obtain the renewal of the said policy. He further denied that during his conversation with the plaintiff on the day of the fire he told him that he had forgotten to renew the policy referred to in the complaint.

The case came on for trial in the District Court of San Juan, Section 1, and the court rendered judgment in favor of the defendant, with the costs on the plaintiff, holding that the plaintiff had not proved sufficiently the material allegations of his complaint. In its opinion the court only reviewed the pleadings of the parties and then stated the foregoing conclusion.

The plaintiff appealed from the judgment and in his brief assigned several errors in support of its reversal, dependent upon the truth of the eighth assignment, which the appellant argues first and which we will also first consider, because if that error does not exist it will not be necessary to consider the other grounds of appeal.

The eighth assignment of error reads as follows:

"*Eighth.*—Finally, the court erred in holding in its judgment that the evidence is insufficient to sustain the allegations of the complaint; or, in other words, that the plaintiff did not sufficiently prove the material allegations of the complaint."

As may be seen from our summary of the pleadings of the parties, the questions of fact in this action are whether

the defendant asked the plaintiff in the early days of November, 1914, for the policy of insurance for $3,200, which was to expire on the 29th of the same month and year, for the purpose of renewing it before its expiration; whether it was delivered to him and he accepted such obligation; also whether on the day of the fire he told the plaintiff that he had forgotten to renew it. These questions of fact were decided against the plaintiff by the court *a quo* in its judgment and in its opinion holding that the plaintiff had not proved the material allegations of the complaint, which are the questions of fact decided.

The sworn allegation that the loan was negotiated with defendant as attorney in fact of José Martínez Pérez seems to be contradicted by the public instrument creating the mortgage, from which it appears that it was contracted with attorney in fact Félix Suárez. As to the other details, we have carefully gone over the evidence introduced by both parties and reach the conclusion that it was contradictory, for while the wife of the plaintiff testified that in the early part of November, 1914, defendant José López Pérez asked her by telephone to tell her husband to send him the policy so that he might renew it, the defendant denied in his testimony that he made such request; and witness Félix Suárez, also attorney in fact of José Pérez Martínez and a member of the firm of Successors of Pérez Brothers, of which the defendant is a partner, testified that it was he and not the defendant who had telephoned requesting the delivery of the policy, in view of the frequent fires that were occurring in Puerta de Tierra, and that no policy had ever been delivered to him. The evidence was also contradictory in that the plaintiff testified that when the loan was made he delivered to the defendant a policy for $3,000, which expired in the month of January, and that in November he also delivered to him the other policy for $3,200, which expired on November 29, 1914, according to the complaint, but to Félix Suárez according to his testimony, whereas this witness testified

that he had never received any policy up to December 9, 1914, when the plaintiff delivered to him for the first time a policy for $3,000, which expired in January, and not the policy for $3,200 expiring on November 29, and that he placed it in the safe without examining it because the plaintiff, who had been an employee of his firm for many years, told him that it was in force, although later, upon examining it on the day of the fire, he found that it had expired on January 24, 1914. This policy was introduced at the trial. There was also contradictory evidence as to the conversation between the plaintiff and the defendant on the day of the fire; for while the former and his witnesses stated that the defendant acknowledged that he had forgotten to renew the insurance policy, the latter and his witnesses denied this and testified that the only thing said by the defendant to the plaintiff about it was to ask ''why he had not insured his houses for a larger amount.''

The conflict in the evidence was decided by the trial judge and the appellant does not allege that he was influenced by passion or prejudice, and we cannot conclude that he acted in manifest error, inasmuch as there was evidence to sustain his finding that the defendant did not ask the plaintiff for the policy for $3,200 in order to renew it; that he accepted such obligation, or that he acknowledged that he had forgotten to renew it. The preponderance of evidence does not consist in the fact that a greater number of witnesses testify to certain facts than those who testify to the contrary, but depends upon the effect of such testimony to induce the judge to give it credit. *Lausell* v. *American Railroad Co.*, 17 P. R. R. 1027.

As the trial judge was not influenced by passion or prejudice and did not commit manifest error in weighing the evidence, in accordance with our repeatedly established jurisprudence we shall not disturb his decision adjusting the conflict in the evidence.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.